IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HERSTOWSKI, individually and as Father and Next Friend of ALEXANDER HERSTOWSKI, a minor; and JACOB HERSTOWSKI<br><br>  Plaintiffs,<br>vs.<br><br>GREG'S CRESCENT CITY AMUSEMENT, LLC; CRANDON OFF-ROAD ENTERTAINMENT, LLC; and LARSON INTERNATIONAL, INC.<br><br>  Defendants, | No. 1:24-cv-04988 |

**COMPLAINT AT LAW**

Plaintiffs, DAVID HERSTOWSKI (hereinafter *DAVID*), individually and as Father and Next Friend of ALEXANDER HERSTOWSKI (hereinafter *ALEX*), a minor; and JACOB HERSTOWSKI (hereinafter *JACOB*), by and through their attorneys, WHITESIDE & GOLDBERG, LTD., and for their Complaint against Defendants, GREG'S CRESCENT CITY AMUSEMENTS, LLC (hereinafter *GCC-AMUSEMENTS*); CRANDON OFF-ROAD ENTERTAINMENT, LLC (hereinafter *CRANDON OFF-ROAD*); and LARSON INTERNATIONAL, INC. (hereinafter *LARSON*), assert:

**JURISDICTION & VENUE**

1. As outlined below (see paragraphs 2-6), this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

2. Plaintiffs, *DAVID* and *JACOB* are Illinois citizens.

3. *GCC-AMUSEMENTS* is a Louisiana citizen.

4. *CRANDON OFF-ROAD* is a Wisconsin citizen.

1

5. *LARSON* is a Texas citizen.

6. Plaintiffs, *DAVID* and *JACOB* seeks damages in excess of $75,000.00.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper because defendants are deemed residents by doing substantial business in Cook & Lake counties in Illinois, and/or directing their business to Lake County residents, particularly regarding the carnival in Forest County, Wisconsin which is the site of plaintiffs' injuries.

## ASSERTIONS APPLICABLE TO ALL COUNTS

8. Because certain information is outside plaintiffs' control at the time of filing suit, certain matters are plead in the alternative in accordance with F.R.C.P. 8, and are not to be construed as admissions against plaintiffs.

9. On July 2, 2023, there was a carnival and/or amusement festival [hereinafter referred to as **the carnival**] at Crandon International Raceway in Forest County, Wisconsin.

10. Regarding **the carnival**, it was open to the public.

11. On July 2, 2023, at **the carnival**, there was a rollercoaster or amusement ride known as *the fireball*, whose serial number is 1P9RS4520XH365007.

12. Regarding *the fireball* at **the carnival**, it was open to the public and/or to invitees and customers of **the carnival**.

13. *DAVID* is the biological and custodial parent of *JACOB* and *ALEX*.

14. As of the date of filing this Complaint, *ALEX* is a minor.

15. At all times on July 2, 2023, *DAVID*, *JACOB* and *ALEX* were lawfully at **the carnival**, and permitted to ride *the fireball*.

16. On July 2, 2023 at **the carnival**, and while *DAVID*, *JACOB*, and *ALEX* were riding *the fireball*, and due to defendants' negligence and the unreasonably dangerous condition of *the fireball*,

it ceased functioning as intended, and as a further proximate result, *DAVID, ALEX* and *JACOB* became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, *DAVID, ALEX,* and *JACOB* sustained bodily injuries and severe emotional distress.

17. At all times, the fireball was within the exclusive control or right of one or more of the defendants herein.

18. Regarding the event in paragraph 16, such does not ordinarily occur absent negligence, wrongdoing, or due to the product [the fireball] being unreasonably dangerous.

19. Regarding *ALEX's* claims arising from the event in paragraph 16 and his resulting injuries and damages, *DAVID* brings this action on behalf of *ALEX*.

## COUNT I – NEGLIGENCE vs *GCC AMUSEMENTS*

20. In accordance with F.R.C.P. 10, plaintiff restates paragraphs 8-19 as (and incorporates them into) paragraph 20.

21. On and prior to July 2, 2023, *GCC-AMUSEMENTS* was one of the entities who organized, managed, and/or operated **the carnival**, including the fireball.

22. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had an agreement with *CRANDON OFF-ROAD* regarding **the carnival**.

23. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had an agreement with *CRANDON OFF-ROAD* regarding use of the fireball at **the carnival**.

24. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had an agreement with Forest County Potawatomi Community (hereinafter *POTAWATOMI*) regarding **the carnival**.

25. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had an agreement with *POTAWATOMI* regarding use of the fireball at **the carnival**.

26. As part of the agreements outlined in paragraphs 22-25, *GCC-AMUSEMENTS* retained control over **the carnival** and/or *the fireball*, including safety.

27. As part of the agreements outlined in paragraphs 22-25, *GCC-AMUSEMENTS* retained control over the work of *CRANDON OFF-ROAD* and/or *POTAWATOMI*.

28. *GCC-AMUSEMENTS* sold, distributed, and/or supplied *the fireball*.

29. *GCC-AMUSEMENTS* sold, distributed, and/or supplied *the fireball* for use at **the carnival**.

30. On and prior to July 2, 2023, *GCC-AMUSEMENTS* was one of the entities responsible for inspecting, maintaining, and repairing *the fireball*.

31. On and prior to July 2, 2023, and regarding **the carnival** and *the fireball* utilized at **the carnival**, *GCC-AMUSEMENTS* was a common carrier, and had duties to exercise the highest degree of care for safety of invitees such as plaintiffs.

32. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had duties to organize, manage, and operate **the carnival** such that it was reasonably safe for invitees such as plaintiffs.

33. On and prior to July 2, 2023, and regarding **the carnival** and *the fireball* utilized at **the carnival**, *GCC-AMUSEMENTS* had duties to exercise reasonable care in its control and supervision of the work and safety, including the work of *CRANDON OFF-ROAD* and *POTAWATOMI*.

34. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had duties to exercise ordinary care in the distribution and supply of *the fireball*, so as to render it safe for its intended uses and also for unintended uses which are reasonably foreseeable.

35. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had duties to make all reasonable and adequate tests and inspections of *the fireball*, so as to guard against any defective condition

4

which would render *the fireball* unsafe when used as intended and/or in a reasonably foreseeable manner.

36. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had duties to warn of dangers which it knew, or should know, are associated with proper use of *the fireball*, and also warn of dangers inherent in unintended uses which are reasonably foreseeable.

37. On and prior to July 2, 2023, *GCC-AMUSEMENTS* had duties to exercise ordinary care for plaintiffs' safety.

38. On and prior to July 2, 2023, *GCC-AMUSEMENTS* negligently breached its duties because of one or more of the following:

>    (a) Regarding *the fireball*, failing to rectify and/or repair the issue of the transformer [for LED lights] becoming loose and/or displaced, when it knew or should have known of this issue and knew or should have known this could cause harm to riders.
>
>    (b) Failing to properly inspect *the fireball*, including its component parts such as transformers and LED lights, when it knew or should have known such component parts were prone to becoming loose and/or displaced, and knew or should have known this issue could cause harm to riders.
>
>    (c) Regarding *the fireball*, failing to rectify the issue of riders remaining suspended and inverted when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, when it knew or should have known of this issue and knew or should have known this could cause harm to riders.
>
>    (d) Regarding *the fireball*, failing to ensure that, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the machine could be manually adjusted such that riders were no longer suspended and inverted, when it knew or should have known of this defect and knew or should have known it could cause harm to riders.
>
>    (e) Failing to instruct consumers/users how to properly inspect, maintain, and repair *the fireball* and its component parts, including but not limited to transformers and LED lights.
>
>    (f) Used worn/unsafe parts and/or failed to properly inspect such parts, violating

      56 Ill. Adm. Code 6000.110.

(g) Failing to properly supervise, inspect, and coordinate the work of *CRANDON OFF-ROAD* and *POTAWATOMI*.

(h) Failing to properly train the persons working **the carnival** and *the fireball*.

(i) Failed to comply with the manufacturer's specifications, thereby violating 56 Ill. Adm. Code 6000.70.

(j) Failing to warn of the hazards/defects in subparagraphs (a) through (i), when it knew or should have known of these hazards/defects and knew or should have known they could cause harm to riders.

(k) Failing to properly maintain *the fireball* and its component parts, including violating 56 Ill. Adm. Code 6000.30.

(l) Failing to inspect *the fireball* in accordance with 56 Ill. Adm. Code 6000.30.

(m) Failing to properly inspect and maintain **the carnival** and *the fireball* such that they were reasonably safe for invitees such as plaintiffs.

39. On July 2, 2023 at **the carnival**, and while *DAVID, ALEX* and *JACOB* were riding *the fireball*, and as a proximate result of *GCC-AMUSEMENTS'* negligence outlined above, *the fireball* ceased functioning as intended, and as a further proximate result, *DAVID, ALEX* and *JACOB* became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, *DAVID, ALEX,* and *JACOB* sustained bodily injuries and severe emotional distress, and incurred economic and non-economic damages.

WHEREFORE, Plaintiffs, DAVID HERSTOWSKI, individually and on behalf of ALEX HERSTOWSKI, and JACOB HERSTOWSKI, each move for judgment in its favor and against Defendant, GREG'S CRESCENT CITY AMUSEMENT, LLC., in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

6

## COUNT II – PREMISES LIABILITY vs *GCC AMUSEMENTS*

40. In accordance with F.R.C.P. 10, Plaintiff restates paragraphs 8-39 as (and incorporates them into) paragraph 40.

41. On and prior to July 2, 2023, and regarding the premises on which ***the carnival*** was operated, it was open to the public.

42. At all times on July 2, 2023, and regarding the premises on which ***the carnival*** was operated, *DAVID*, *JACOB* and *ALEX* were lawfully on the premises.

43. On and prior to July 2, 2023, and regarding the premises on which ***the carnival*** was operated, *GCC-AMUSEMENTS* was a possessor of the premises.

44. On and prior to July 2, 2023, and regarding the premises on which ***the carnival*** was operated, *GCC-AMUSEMENTS* had duties to maintain those premises, including *the fireball*, in a reasonably safe condition and in accordance with applicable *STATUTES*[1].

45. On and prior to July 2, 2023, *GCC-AMUSEMENTS* negligently breached its duties and the premises [on which ***the carnival*** was operated] were not reasonably safe because of at least one of the following:

    (a) Regarding *the fireball*, its transformer for LED lights became loose or displaced.

    (b) Regarding *the fireball*, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the riders remained suspended and inverted.

    (c) Regarding *the fireball*, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the machine could not be manually adjusted such that riders were no longer suspended and inverted.

    (d) Regarding *the fireball*, used worn/unsafe parts.

---

[1] The terms *STATUTE(s)* means and includes ALL codes, rules, laws, terms, regulations, policies, specifications, procedures, protocols, guidelines, standards, statutes, manuals, training programs, safety programs, ordinances, instructions, directions, recommendations, standard operating procedures, bulletins, practices, customs & practices

(e) Failed to comply with the manufacturer's specifications, thereby violating 56 Ill. Adm. Code 6000.70.

(f) Failing to warn of the hazards/defects in subparagraphs (a) through (e), when it knew or should have known of these hazards/defects and knew or should have known they could cause harm to riders.

(g) Failing to properly maintain *the fireball* and its component parts, including violating 56 Ill. Adm. Code 6000.30.

(h) Failing to inspect *the fireball* in accordance with 56 Ill. Adm. Code 6000.30.

(i) Failing to properly inspect and maintain the premises, including **the carnival** and *the fireball* such that they were reasonably safe for invitees such as plaintiffs.

46. On July 2, 2023 at **the carnival**, and while *DAVID, ALEX* and *JACOB* were riding *the fireball*, and as a proximate result of *GCC-AMUSEMENTS'* negligence and the violations and hazards outlined above, *the fireball* ceased functioning as intended, and as a further proximate result, *DAVID, ALEX* and *JACOB* became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, *DAVID, ALEX,* and *JACOB* sustained bodily injuries and severe emotional distress, and incurred economic and non-economic damages.

47. The violations and hazards in paragraph 45 presented an unreasonable risk of harm to persons using/riding *the fireball* at **the carnival**.

48. Prior to plaintiffs' injuries, *GCC-AMUSEMENTS* knew of the violations and hazards in paragraph 45, and knew they would exist while plaintiffs were using/riding *the fireball* at **the carnival**, and knew such presented an unreasonable risk of harm to persons using/riding *the fireball* at **the carnival**.

49. In conjunction with paragraph 48, *GCC-AMUSEMENTS* could reasonably expect that persons using/riding *the fireball* at **the carnival** would not discover or realize the violations and

8

hazards in paragraph 45, and/or would fail to protect themselves against such.

50. The violations and hazards outlined above and in paragraph 45 violated applicable *STATUTES*[1], which were enacted for the protection and safety of persons such as plaintiffs.

51. The hazards in paragraph 45 existed for such sufficient time prior to July 2, 2023 that they would have been discovered if proper inspection of the premises, including *the fireball*, was done.

WHEREFORE, Plaintiffs, DAVID HERSTOWSKI, individually and on behalf of ALEX HERSTOWSKI, and JACOB HERSTOWSKI, each move for judgment in its favor and against Defendant, GREG'S CRESCENT CITY AMUSEMENT, LLC., in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

**COUNT III – NEGLIGENCE vs *CRANDON OFF-ROAD***

52. In accordance with F.R.C.P. 10, Plaintiff restates paragraphs 8-19 as (and incorporates them into) paragraph 52.

53. On and prior to July 2, 2023, *CRANDON OFF-ROAD* was one of the entities who organized, managed, and/or operated **the carnival**, including *the fireball*.

54. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had an agreement with *GCC-AMUSEMENTS* regarding **the carnival**.

55. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had an agreement with *GCC-AMUSEMENTS* regarding use of *the fireball* at **the carnival**.

56. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had an agreement with *POTAWATOMI* regarding **the carnival**.

57. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had an agreement with

*POTAWATOMI* regarding use of *the fireball* at **the carnival**.

58. As part of the agreements outlined in paragraphs 54-57, *CRANDON OFF-ROAD* retained control over **the carnival** and/or *the fireball*, including safety.

59. As part of the agreements outlined in paragraphs 22-25, *CRANDON OFF-ROAD* retained control over the work of *GCC-AMUSEMENTS* and/or *POTAWATOMI*.

60. On and prior to July 2, 2023, *CRANDON OFF-ROAD* was one of the entities responsible for inspecting, maintaining, and repairing *the fireball*.

61. On and prior to July 2, 2023, and regarding **the carnival** and *the fireball* utilized at **the carnival**, *CRANDON OFF-ROAD* was a common carrier, and had duties to exercise the highest degree of care for safety of invitees such as plaintiffs.

62. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had duties to organize, manage, and operate **the carnival** such that it was reasonably safe for invitees such as plaintiffs.

63. On and prior to July 2, 2023, and regarding **the carnival** and *the fireball* utilized at **the carnival**, *CRANDON OFF-ROAD* had duties to exercise reasonable care in its control and supervision of the work and safety, including the work of *GCC-AMUSEMENTS* and *POTAWATOMI*.

64. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had duties to make all reasonable and adequate tests and inspections of *the fireball*, so as to guard against any defective condition which would render *the fireball* unsafe when used as intended and/or in a reasonably foreseeable manner.

65. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had duties to warn of dangers which it knew, or should know, are associated with proper use of *the fireball*, and also warn of dangers inherent in unintended uses which are reasonably foreseeable.

66. On and prior to July 2, 2023, *CRANDON OFF-ROAD* had duties to exercise ordinary

care for plaintiffs' safety.

67. On and prior to July 2, 2023, *CRANDON OFF-ROAD* negligently breached its duties because of one or more of the following:

> (a) Regarding *the fireball*, failing to rectify and/or repair the issue of the transformer [for LED lights] becoming loose and/or displaced, when it knew or should have known of this issue and knew or should have known this could cause harm to riders.
>
> (b) Failing to properly inspect *the fireball*, including its component parts such as transformers and LED lights, when it knew or should have known such component parts were prone to becoming loose and/or displaced, and knew or should have known this issue could cause harm to riders.
>
> (c) Regarding *the fireball*, failing to rectify the issue of riders remaining suspended and inverted when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, when it knew or should have known of this issue and knew or should have known this could cause harm to riders.
>
> (d) Regarding *the fireball*, failing to ensure that, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the machine could be manually adjusted such that riders were no longer suspended and inverted, when it knew or should have known of this defect and knew or should have known it could cause harm to riders.
>
> (e) Failing to instruct consumers/users how to properly inspect, maintain, and repair *the fireball* and its component parts, including but not limited to transformers and LED lights.
>
> (f) Used worn/unsafe parts and/or failed to properly inspect such parts, violating 56 Ill. Adm. Code 6000.110.
>
> (g) Failing to properly supervise, inspect, and coordinate the work of *GCC-AMUSEMENTS* and *POTAWATOMI*.
>
> (h) Failing to properly train the persons working **the carnival** and *the fireball*.
>
> (i) Failed to comply with the manufacturer's specifications, thereby violating 56 Ill. Adm. Code 6000.70.
>
> (j) Failing to warn of the hazards/defects in subparagraphs (a) through (i), when it knew or should have known of these hazards/defects and knew or should

have known they could cause harm to riders.

(k) Failing to properly maintain *the fireball* and its component parts, including violating 56 Ill. Adm. Code 6000.30.

(l) Failing to inspect *the fireball* in accordance with 56 Ill. Adm. Code 6000.30.

(m) Failing to properly inspect and maintain **the carnival** and *the fireball* such that they were reasonably safe for invitees such as plaintiffs.

68. On July 2, 2023 at **the carnival**, and while DAVID, ALEX and JACOB were riding *the fireball*, and as a proximate result of CRANDON OFF-ROAD's negligence outlined above, *the fireball* ceased functioning as intended, and as a further proximate result, DAVID, ALEX and JACOB became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, DAVID, ALEX, and JACOB sustained bodily injuries and severe emotional distress, and incurred economic and non-economic damages.

WHEREFORE, Plaintiffs, DAVID HERSTOWSKI, individually and on behalf of ALEX HERSTOWSKI, and JACOB HERSTOWSKI, each move for judgment in its favor and against Defendant, CRANDON OFF-ROAD ENTERTAINMENT, LLC., in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

**COUNT IV – PREMISES LIABILITY vs *CRANDON OFF-ROAD***

69. In accordance with F.R.C.P. 10, Plaintiff restates paragraphs 8-19 & 52-68 as (and incorporates them into) paragraph 69.

70. On and prior to July 2, 2023, and regarding the premises on which **the carnival** was operated, it was open to the public.

71. At all times on July 2, 2023, and regarding the premises on which **the carnival** was operated, DAVID, JACOB and ALEX were lawfully on the premises.

72. On and prior to July 2, 2023, and regarding the premises on which *the carnival* was operated, *CRANDON OFF-ROAD* was a possessor of the premises.

73. On and prior to July 2, 2023, and regarding the premises on which *the carnival* was operated, *CRANDON OFF-ROAD* had duties to maintain those premises, including *the fireball*, in a reasonably safe condition and in accordance with applicable *STATUTES*[1].

74. On and prior to July 2, 2023, *CRANDON OFF-ROAD* negligently breached its duties and the premises [on which *the carnival* was operated] were not reasonably safe because of at least one of the following:

   (a) Regarding *the fireball*, its transformer for LED lights became loose or displaced.

   (b) Regarding *the fireball*, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the riders remained suspended and inverted.

   (c) Regarding *the fireball*, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the machine could not be manually adjusted such that riders were no longer suspended and inverted.

   (d) Regarding *the fireball*, used worn/unsafe parts.

   (e) Failed to comply with the manufacturer's specifications, thereby violating 56 Ill. Adm. Code 6000.70.

   (f) Failing to warn of the hazards/defects in subparagraphs (a) through (e), when it knew or should have known of these hazards/defects and knew or should have known they could cause harm to riders.

   (g) Failing to properly maintain *the fireball* and its component parts, including violating 56 Ill. Adm. Code 6000.30.

   (h) Failing to inspect *the fireball* in accordance with 56 Ill. Adm. Code 6000.30.

   (i) Failing to properly inspect and maintain the premises, including *the carnival* and *the fireball* such that they were reasonably safe for invitees such as plaintiffs.

75. On July 2, 2023 at *the carnival*, and while *DAVID, ALEX* and *JACOB* were riding *the fireball*, and as a proximate result of *CRANDON OFF-ROAD's* negligence and the violations and hazards outlined above, *the fireball* ceased functioning as intended, and as a further proximate result, *DAVID, ALEX* and *JACOB* became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, *DAVID, ALEX,* and *JACOB* sustained bodily injuries and severe emotional distress, and incurred economic and non-economic damages.

76. The violations and hazards in paragraph 74 presented an unreasonable risk of harm to persons using/riding *the fireball* at *the carnival*.

77. Prior to plaintiffs' injuries, *CRANDON OFF-ROAD* knew of the violations and hazards in paragraph 74, and knew they would exist while plaintiffs were using/riding *the fireball* at *the carnival*, and knew such presented an unreasonable risk of harm to persons using/riding *the fireball* at *the carnival*.

78. In conjunction with paragraph 77, *CRANDON OFF-ROAD* could reasonably expect that persons using/riding *the fireball* at *the carnival* would not discover or realize the violations and hazards in paragraph 74, and/or would fail to protect themselves against such.

79. The violations and hazards outlined above and in paragraph 74 violated applicable *STATUTES*[1], which were enacted for the protection and safety of persons such as plaintiffs.

80. The hazards in paragraph 74 existed for such sufficient time prior to July 2, 2023 that they would have been discovered if proper inspection of the premises, including *the fireball*, was done.

WHEREFORE, Plaintiffs, DAVID HERSTOWSKI, individually and on behalf of ALEX HERSTOWSKI, and JACOB HERSTOWSKI, each move for judgment in its favor and against

Defendant, CRANDON OFF-ROAD ENTERTAINMENT, LLC., in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

## COUNT V – STRICT LIABILITY vs *LARSON*

81. In accordance with F.R.C.P. 10, Plaintiff restates paragraphs 8-19 as (and incorporates them into) paragraph 81.

82. In 2023 and prior thereto, *LARSON* designed, manufactured, assembled, supplied, distributed, and/or sold products, including roller coasters and amusement rides such as *the fireball*, with the expectation they would be distributed, purchased, and utilized throughout the United States, including in Illinois.

83. *LARSON* designed *the fireball*.

84. *LARSON* manufactured *the fireball*.

85. *LARSON* assembled *the fireball*.

86. *LARSON* supplied, distributed, and/or sold *the fireball*.

87. *LARSON* supplied, distributed, and/or sold *the fireball* to one of the defendants herein.

88. On and prior to July 2, 2023, *LARSON* had non-delegable duties to design, manufacture, assemble, supply, distribute, and sell *the fireball* such that it was not unreasonably dangerous and performed in the manner reasonably to be expected in light of its nature and intended function.

89. *The fireball* was unreasonably dangerous in one or more of the following respects:

    a) The transformer for LED lights became loose or displaced.

    b) Component parts such as transformers and LED lights were prone to unreasonable wear/deterioration.

  c) When a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the riders remained suspended and inverted.

  d) When a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the machine could not be manually adjusted such that riders were no longer suspended and inverted.

  e) The electrical systems were faulty, violating 56 Ill. Adm. Code 6000.220.

  f) Failing to warn of the hazards/defects in subparagraphs (a) through (e),

  g) Failed to instruct consumers/users how to properly inspect, maintain, and repair component parts, including but not limited to transformers and LED lights.

90. Separate from paragraph 89, there existed in *the fireball,* at the time it left the control of *LARSON*, certain non-specific defect(s) in the product which made it unreasonably dangerous because it did not perform in the manner reasonably to be expected in light of its nature and intended function.

91. Regarding the unreasonably dangerous conditions in paragraphs 89-90, they existed at the time the product left the control of *LARSON*.

92. From the time it left *LARSON's* control until reaching the user/consumer, there was no substantial change in the condition of *the fireball.*

93. On July 2, 2023 at **the carnival**, and while Plaintiffs *DAVID, ALEX,* and *JACOB* were riding *the fireball*, and as a proximate result of *LARSON's* breaches of duties outlined above and the unreasonably dangerous conditions in paragraphs 89-90, *the fireball* ceased functioning as intended, and as a further proximate result, *DAVID, ALEX,* and *JACOB* became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, *DAVID, ALEX,* and *JACOB* sustained bodily injuries and severe emotional distress,

and incurred economic and non-economic damages.

WHEREFORE, Plaintiffs, DAVID HERSTOWSKI, individually and on behalf of ALEX HERSTOWSKI, and JACOB HERSTOWSKI, each move for judgment in its favor and against Defendant, LARSON INTERNATIONAL, INC., in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

### COUNT VI – NEGLIGENCE vs *LARSON*

94. In accordance with F.R.C.P. 10, Plaintiff restates Plaintiff restates paragraphs 8-19 & 81-93 as (and incorporates them into) paragraph 94.

95. On and prior to July 2, 2023, *LARSON* had duties to exercise ordinary care in the design, construction, manufacture, assembly, distribution, supply, and sale of *the fireball*, so as to render it safe for its intended use and for unintended uses which are reasonably foreseeable.

96. On and prior to July 2, 2023, *LARSON* had duties to make all reasonable and adequate tests and inspections of *the fireball*, so as to guard against any defective condition which would render *the fireball*, unsafe when used as is intended and/or in a reasonably foreseeable manner.

97. On and prior to July 2, 2023, *LARSON* had duties to warn of dangers which it knew, or should know, are associated with proper use of *the fireball*, and also warn of dangers inherent in unintended uses which are reasonably foreseeable.

98. On and prior to July 2, 2023, *LARSON* had duties to exercise ordinary care for Plaintiffs' safety.

99. On and prior to July 2, 2023, *LARSON* negligently breached its duties because of at least one of the following:

    (a) The transformer for LED lights became loose or displaced.

(b) Component parts such as transformers and LED lights were prone to unreasonable wear/deterioration.

(c) The electrical systems were faulty, violating 56 Ill. Adm. Code 6000.220.

(d) Failing to rectify the issue of riders remaining suspended and inverted when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution.

(e) Failing to ensure that, when a component of the machine ceased functioning as intended, and/or when a purported safety was triggered without manual execution, the machine could be manually adjusted such that riders were no longer suspended and inverted.

(f) Failing to instruct consumers/users how to properly inspect, maintain, and repair *the fireball* and its component parts, including but not limited to transformers and LED lights.

(g) Failing to warn of the hazards/defects in subparagraphs (a) through (f).

100. Regarding the hazards and defects in paragraph 99, *LARSON* knew or should have known of them at the time *the fireball* left its control, and/or the hazards and defects would have bene discovered if LARSON did a proper inspection.

101. On July 2, 2023 at **the carnival**, and while Plaintiffs *DAVID, ALEX,* and *JACOB* were riding *the fireball*, and as a proximate result of *LARSON's* negligence outlined above, *the fireball* ceased functioning as intended, and as a further proximate result, *DAVID, ALEX,* and *JACOB* became suspended while inverted, well above ground, remaining in that position for a couple hours, and as a further proximate result, *DAVID, ALEX,* and *JACOB* sustained bodily injuries and severe emotional distress, and incurred economic and non-economic damages.

WHEREFORE, Plaintiffs, DAVID HERSTOWSKI, individually and on behalf of ALEX HERSTOWSKI, and JACOB HERSTOWSKI, each move for judgment in its favor and against Defendant, LARSON INTERNATIONAL, INC., in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

**COUNT VII – 750 ILCS 65/15**

102. In accordance with F.R.C.P. 10, plaintiff restates paragraphs 8-101 as (and incorporates them into) paragraph 102.

103. As a proximate result of each defendants' negligence (breaches of duties) as outlined herein [and the unreasonably dangerous condition of *the fireball*] and *ALEX's* resultant injuries, *ALEX* required medical treatment, services and equipment/supplies.

104. Regarding the medical treatment, services, and equipment/supplies in paragraph 103, medical charges & bills were issued/assessed to *DAVID* for costs & expenses relating to such medical treatment, etc.

105. As a proximate result of each defendants' negligence (breaches of duties) as outlined herein [and the unreasonably dangerous condition of *the fireball*] and *ALEX's* resultant injuries, *DAVID* is liable for the costs (charges/expenses) in paragraph 103-104, and makes a claim for reimbursement of those expenses in accordance with 750 ILCS 65/15.

WHEREFORE, Plaintiff, DAVID HERSTOWSKI, moves for judgment in its favor and against Defendants [GREG'S CRESCENT CITY AMUSEMENTS, LLC; CRANDON OFF-ROAD ENTERTAINMENT, LLC; and LARSON INTERNATIONAL, INC.] in an amount exceeding $75,000.00 and which a fact-finder deems fair and reasonable, plus recoverable litigation/trial costs and expenses.

                                        Respectfully submitted,
                                        WHITESIDE & GOLDBERG
                                        Attorneys for Plaintiff

                                        _____
                                        BRYAN J. O'CONNOR #6285062

WHITESIDE & GOLDBERG, LTD.
155 N. Michigan Ave., Suite 540, Chicago, IL 60601
312-334-6875 (ph) / 800-334-6034 (fax)
boconnor@wglawgroup.com